UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOSE ALVAREZ ALONZO,                                   :
                         Plaintiff,                    :
                                                       :
v.                                                     :
                                                       :
PEEKSKILL AUTOMOTIVE INC.,                             :
                         Defendant.                    :
-------------------------------------------------------------x

**ORDER**

22 CV 5486 (VB)

On June 5, 2023, plaintiff Jose Alvarez Alonzo in this Fair Labor Standards Act ("FLSA") case filed a settlement agreement (Doc. #38) and a statement explaining the basis for the agreement as required by Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

In reviewing the proposed settlement agreement as a whole, the Court has considered the following factors:

(i)     plaintiff's representation that the amount of damages he initially sought was based on memory rather than documented time records;

(ii)    defendant's evidence that plaintiff's alleged unpaid overtime wages were likely less than those alleged;

(iii)   plaintiff's representation that the parties "explored the evidence (including [d]efendants' current financial situation), and they reached the conclusion with the assistance of the mediator that $22,000 was fair in light of the evidence and [d]efendant's current financial condition" (Doc. #38 ¶ 8);

(iv)    plaintiff is represented by counsel experienced in FLSA and employment matters;

(v)     the settlement was reached with the assistance of, and encouraged and approved by, a neutral mediator;

(vi)    the release is not overbroad;

(vii)   there is no confidentiality requirement;

(viii)  the parties desire to resolve this action early and avoid the costs and uncertainty associated with drawn-out litigation;

(ix)    the claims released by plaintiff are limited to FLSA and New York Labor Law claims.

Based on the foregoing, the Court finds the settlement agreement is fair and reasonable, and the product of arm's-length negotiation, not fraud or collusion.

Additionally, having reviewed the billing records and related information submitted by plaintiff's counsel, the Court finds the attorneys' fees, which are forty percent of plaintiff's total recovery, plus the reimbursement of costs, to be fair and reasonable under the circumstances.

## CONCLUSION

Accordingly, the parties' settlement agreement is APPROVED.  (Doc. #38)

The case management conference scheduled for June 27, 2023, is CANCELLED.

The Clerk is directed to close this case.

Dated: June 15, 2023
       White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge

2